IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

QUADRO KENYATTA MILES                                              PLAINTIFF

V.                                    CIVIL NO. 1:10-cv-01076

SHERIFF KEN JONES; LT. BASS;
and SGT. SANDERS                                                  DEFENDANTS

**MEMORANDUM OPINION**

This is a civil rights action filed by Plaintiff, Quadro Miles, pursuant to the provisions of 42

U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 21.

Currently before the Court are Separate Defendants' Motions for Judgment on the Pleadings.

ECF Nos. 14 & 18.  Plaintiff did not respond to either Motion.  This matter is ripe for consideration.

I.      BACKGROUND

The events at issue in this case occurred while Plaintiff was an inmate at the Union County

Detention Center ("UCDC") in El Dorado, Arkansas.  Plaintiff makes several unrelated allegations

in his Complaint.   He first complains that a piece of his personal property—a television

antenna—was lost and he was never reimbursed for the antenna.  ECF No. 1, pp. 4,7.  Plaintiff then

claims that an Officer Payne sleeps while on duty, does not pass out grievance forms, and passes out

the medicine instead of a nurse.  ECF No. 1, pp. 4, 9.  Additionally, Plaintiff complains of Sergeant

Sanders using profane and abusive language towards the inmates.  ECF No. 1, pp. 4, 12.   Plaintiff

1

also complains of no nurse being on duty during the night shift at the UCDC when another inmate

needed care.  ECF No. 1, pp. 4, 15.  Finally, Plaintiff states he has not received his grievance back

about the "roach infestation."  ECF No. 1, p. 6.

## II.     APPLICABLE LAW

On a motion for judgment on the pleadings, the  Court applies the same standard as in a

12(b)(6) motion for failure to state a claim.  *See St. Paul Ramsey County Medical Ctr. v. Pennington*

*County, S.D.,* 857 F.2d 1185, 1187 (8th Cir. 1988).  Rule 8(a) contains the general pleading rules and

requires a complaint to present "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to

dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face.'"  *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d

585, 594 (8th Cir.2009)(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(internal quotations

omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft,* 556 U.S. at 678.  The Court will liberally construe a *pro se* plaintiff's complaint, however,

the plaintiff must allege sufficient facts to support their claims.  *See Stone v. Harry,* 364 F.3d 912,

914 (8th Cir. 2004).

## III.    DISCUSSION

Separate Defendants argue Plaintiff's Complaint is devoid of any allegations that a policy

or custom of Union County caused his alleged constitutional violations.  Also, Separate Defendants

contend that Plaintiff's claim regarding his antenna is not cognizable under section 1983 because he

has an adequate state remedy through small claims court.  Additionally, an officer sleeping on the

job and verbal harassment are not actionable under section 1983.  Finally, Separate Defendants

contend there is no medical training required to pass out medications at a county detention center.

      A.     <u>Official and Individual Capacity Claims</u>

Plaintiff claims Separate Defendants violated his constitutional rights in both their official

and individual capacities.  Separate Defendants argue Plaintiff has failed to allege that a policy or

custom of Union County was the moving force behind any alleged constitutional violations.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his

official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir.1998), the Eighth Circuit

Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official

capacity suits.  As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914.

Plaintiff did not allege any facts in his Complaint to support an official capacity claim.

Therefore, there is no basis on which Union County may be held liable.  *See Monell v. Dep't of

Soc. Servs.,* 436 U.S. 658, 690–91 & n. 55, 694 (1978) (plaintiff seeking to impose liability on

local government body under section  1983 must show official policy or widespread custom or

practice of unconstitutional conduct that caused a deprivation of constitutional rights).

Furthermore, Plaintiff has failed to allege facts to support any individual capacity claims against Sheriff Jones.  A claim  of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  *See Monell,* 436 U.S. at 694.  "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").  In other words, Sheriff Jones cannot be held liable merely because he supervises the individuals allegedly responsible for violating Plaintiff's constitutional rights.  *Id.; see also Mark v. Nix,* 983 F.2d 138, 139–40 (8th Cir. 1993)(section 1983 liability requires some personal involvement or responsibility).  There is no allegation that Sheriff Jones was personally involved in any way in the events complained of by Plaintiff.  Therefore, Plaintiff has failed to state an individual capacity claim against Sheriff Jones and he should be dismissed.

B.      Lost antenna

Plaintiff claims that his grandmother brought a new converter box to the UCDC for him, but when Plaintiff received it from Lt. Bass it was missing a piece of its antenna.  Plaintiff inquired about the missing piece but it was never located.  ECF No. 1, pp. 7-8.  Separate Defendants argue that, even taking Plaintiff's facts as true, he has failed to state a cognizable claim under section 1983 because he has adequate state remedies regarding the lost antenna.

An inmate does not have a cognizable section 1983 claim against a prison guard for deprivation of personal property if state law provides an adequate post-deprivation remedy.  *Hudson v. Palmer,* 468 U.S. 517, 530-37 (1984).  Here, Plaintiff has available a common law tort

4

action of conversion for the wrongful possession or disposition of his property—the antenna. *See Hicks v. Brooks*, Civil No. 2:12-cv-00002, 2012 WL 720205, at *3 (E.D. Ark. Feb. 21, 2012)(citing *McQuillian v. Mercedes-Benz Credit Corp.,* 331 Ark. 242, 247 (Ark. 1998); *Scott v. Boyd,* Civil No. 3:08-cv-00136, 2008 WL 4874058 (E.D. Ark. 2008)).  Plaintiff does not allege in his Complaint that he first pursued his available state law post-deprivation remedy and therefore, the Court finds this claim should be dismissed.

      C.    <u>Sleeping on duty</u>

Plaintiff claims that Officer Payne, one of the maximum security area guards, sleeps while on duty.  Plaintiff is fearful that an emergency will happen while Officer Payne is asleep and Officer Payne will be unavailable to respond.  ECF No. 1, pp. 9.  Separate Defendants argue that Plaintiff's claim does not amount to a constitutional violation, and even if it did, Plaintiff has not alleged he was harmed in anyway by Officer Payne sleeping.

To state a claim under 42 U.S.C. § 1983 a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).  Mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *See Daniels v. Williams,* 474 U.S. 327 (1986); *Davidson v. Cannon,* 474 U.S. 344 (1986)(the protections of the Due Process Clause, whether procedural or substantive, are not triggered by lack of due care by prison officials).  While it is unclear exactly what type of claim Plaintiff is alleging regarding Officer Payne sleeping on the job, the Court infers from the context of the Complaint that it can only be one of failure to protect or denial of medical care.

The record is unclear as to Plaintiff's status at the time in issue here.  However, the Eighth

Circuit has noted that pretrial detainees are entitled to at least as much protection under the Eighth Amendment as convicted inmates, and applies the same failure to protect analysis under the Eighth Amendment to claims brought by both pretrial detainees and convicted inmates. *Id.; see also Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011). The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. "A prisoner's conditions of confinement, including the safety measures taken to protect prisoners, are subject to scrutiny under the Eighth Amendment." *Davis v. Oregon County, Mo.,* 607 F.3d 543, 548 (8th Cir. 2010) (citing *Kahle v. Leonard,* 477 F.3d 544, 550 (8th Cir. 2007)). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See Perkins v. Grimes,* 161 F.3d 1127, 1129 (8th Cir. 1998).

To prevail on a failure to protect claim, Plaintiff must: prove "he was incarcerated under conditions posing a substantial risk of serious harm." *Holden,* 663 F.3d at 341 (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). This is an objective requirement "to ensure the deprivation is a violation of a constitutional right." *Holden,* 663 F.3d at 341. "The second requirement is a subjective test; the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Schoelch v. Mitchell,* 625 F.3d 1041, 1046 (8th Cir. 2010)(internal quotation marks and citations omitted). "An official's negligence alone is insufficient to meet the subjective component because the official must recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis,* 607 F.3d at 549 (internal quotation marks and citations omitted).

The Eighth Circuit also analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher,* 465 F.3d 340, 344 (8th Cir. 2006). To prevail on an Eighth Amendment claim, Plaintiff must prove that

6

Separate Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

"For a claim of deliberate indifference, the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff has failed to allege he was subjected to any substantial risk of serious harm; or that he suffered from an objectively serious medical need. Plaintiff only alleges that an emergency ***may happen*** and that ***possibility made*** him fearful. These allegations are insufficient to state a cognizable claim under section 1983.

Further, Plaintiff has not alleged any injury he suffered from Officer Payne sleeping on duty. "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis,*" however, "[n]o clear line divides *de minimis* injuries from others." *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008); s*ee also White v. Holmes,* 21 F.3d 277, 281 (8th Cir. 1994) ("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation."). Plaintiff no injury he suffered as a result of Officer Payne sleeping on duty.

Finally, Plaintiff did not name Officer Payne as a defendant in this case. As explained above,

7

a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell,* 436 U.S. at 694. Even if Officer Payne's actions were unconstitutional, Separate Defendants cannot be held vicariously liable for those actions.

Accordingly, Plaintiff has failed to state a cognizable claim under section 1983 regarding Officer Payne sleeping on duty.

D.   Cursing

Plaintiff claims Sergeant Sanders cursed at him over bringing Plaintiff his television antenna and at another inmate over checking his blood pressure. ECF No. 1, p. 12. "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless the plaintiff cut his hair and shaved does not state a claim of constitutional dimension); *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A cognizable claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

Accordingly, Plaintiff has failed to state a cognizable claim under section 1983 regarding Sergeant Sanders' cursing.

E.      Grievances

Plaintiff also complains that Officer Payne did not like to hand out grievance forms and that he did not receive proper responses on his grievance forms.  ECF No. 1, pp. 9, 15.  Plaintiff does not have an independent constitutional right to a grievance procedure.  *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)).  A jail's failure to process an inmate's grievances, without more, is not actionable under section 1983. *Buckley,* 997 F.2d at 495.

F.      Medication Pass Out

In his Complaint, Plaintiff also complains of officers passing out medication instead of a nurse.  Plaintiff states that he once received the wrong medication and he "could've took and died if [he] hadn't look[ed] at it."  ECF No. 1, p. 11.  Separate Defendants argue they are not required to have medical personnel pass out medication, and Plaintiff has failed to state any harm he suffered from such conduct.

As stated above, to prevail on an Eighth Amendment claim regarding medical care, Plaintiff must prove that Separate Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  Here, Plaintiff's claim is premised solely on the fact that medically trained personnel do not pass out his prescription medication.  This does not state a claim of constitutional dimension.  *See e.g., Weaver v. Petray*, Civil No. 08-5196, 2010 WL 909145, at *8 (W.D. Ark. Mar. 10, 2010)(citing *Booker v. Herman*, 2006 WL 2457230, *5 (N.D. Ind.  Aug. 22, 2006)("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates.  This allegation states no claim upon which relief can be granted.").

9

Further, Plaintiff has failed to show he suffered any injury from officers, rather than nurses passing out medication. *See White,* 21 F.3d at 281 ("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation.").

Accordingly, Plaintiff has failed to state a cognizable claim under section 1983 regarding officers rather than nurses passing out medication.

G.    Other Inmates

Plaintiff makes several allegations regarding the medical care of other inmates. A claim that an individual's constitutional rights have been violated is regarded as personal in nature. *See Broadrick v. Oklahoma,* 413 U.S. 601, 610-11 (1973); *United States v. Mitchell,* 915 F.2d 521, 526 n. 8 (9th Cir. 1990). Ordinarily, one individual cannot assert a claim on behalf of another individual. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)("While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself.")(internal quotations and citations omitted). Therefore, all of Plaintiff's claims regarding other inmates medical needs and nurses not being on duty to attend to those inmates are not cognizable under section 1983.

H.    Roach infestation

Plaintiff also lists in his Complaint, under his "Statement of Claims," "grievances I have not received response to: roach infestation." ECF No. 1, p. 6. The Court presumes Plaintiff is challenging his conditions of confinement with this statement.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The

Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

As discussed above, the Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII.  *See Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006)(deliberate indifference standard of the Eighth Amendment applies to all claims that prison officials failed to provide adequate food, clothing, shelter, etc.). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir.1994)("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir.2004)(*citing Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted).  Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

Here Plaintiff has not offered any facts regarding the "roach infestation" claim.  Instead, he

11

only lists the statement "roach infestation."  ECF No. 1, p. 6.  As stated above, the Court will liberally construe a *pro se* plaintiff's complaint, however, Plaintiff must allege sufficient facts to support his claims.  *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).  Here, Plaintiff has failed to allege any facts regarding his condition of confinement claim, and therefore, it must fail.

## IV.   CONCLUSION

For the reasons stated above, Separate Defendants' Motions for Judgment on the Pleadings (ECF Nos. 14 and 18) are hereby **GRANTED** and Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED** this 24th day of September 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE